IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 5, 2005 Session

## STATE OF TENNESSEE v. CLARENCE W. CARTER

**Direct Appeal from the Criminal Court for Davidson County**
**No. 99-C-1975     Steve Dozier, Judge**

———————————

**No. M2004-00757-CCA-R3-CD - Filed June 1, 2005**

———————————

The Defendant, Clarence W. Carter, was tried and convicted of one count of conspiracy to sell cocaine and one count of possession of cocaine. He was sentenced as a Range II, multiple offender to consecutive sentences of thirty-two years for the conspiracy conviction and sixteen years for the possession conviction. This Court affirmed the Defendant's convictions and sentences on direct appeal. See State v. Clarence W. Carter, No. M2000-02230-CCA-R3-CD, 2002 WL 31370469 (Tenn. Crim. App., Nashville, Oct. 21, 2002). The Tennessee Supreme Court granted review, and upheld the Defendant's convictions and sentence on the possession conviction, but determined the trial court committed error in sentencing the Defendant as a Range II offender for his conspiracy conviction when he did not receive notice of intent to seek enhanced punishment by the State in the superceding indictment under which he was tried. See State v. Carter, 121 S.W.3d 579 (Tenn. 2003). Upon remand, the Defendant was re-sentenced on his conspiracy conviction as a Range I, standard offender to twenty-five years imprisonment to be served consecutively to his prior sentences. In this appeal the Defendant raises two issues, claiming that upon re-sentencing the trial court erred by: 1) imposing an excessive sentence for his conspiracy conviction, and 2) imposing consecutive sentencing. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and J. C. MCLIN, JJ., joined.

Ed Fowlkes, Nashville, Tennessee, for the appellant, Clarence W. Carter.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson, District Attorney General; and John Zimmerman, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTS

The criminal offenses that led to the sentencing challenge at issue in this case were summarized by the Tennessee Supreme Court as follows:

> After months of police surveillance, the defendant, Clarence Carter, and his acquaintance, Reginald Hutchinson, were arrested on November 19, 1998. Prior to the arrest, the investigating officers conducted several "trash pulls" at Hutchinson's residence on Fifteenth Avenue in Nashville and at the defendant's residence on Bess Court, likewise in Nashville. In the trash pulled from Hutchinson's residence, the officers found several small baggies with a white residue on them, a larger bag that contained a white residue, latex gloves and a bottle of Inositol. The police drug dog indicated by behavior that cocaine was present on the bags found.

> A search warrant was obtained for Hutchinson's residence and was carried out on November 19, 1998. When officers entered the residence, both Hutchinson and the defendant were present. The defendant was in the area of the couch in the living room, and upon the entrance of the officers, threw white powder off the table and into the air. Found near the defendant were a set of small electronic scales and a bag containing plastic baggies, latex/rubber gloves, and another set of scales. Officers discovered several bags of white powder throughout the room along with an unaccounted-for amount of powder loose on the floor. The powder was sent to the Tennessee Bureau of Investigation (TBI) for analysis. A forensic scientist from the TBI testified that the aggregate of the powder sent for testing constituted 294 grams of a substance containing cocaine.

Carter, 121 S.W.3d at 582-83 (footnotes omitted).

In March of 1999, the Defendant was originally indicted on two charges: possession of 300 grams of cocaine and possession of an unlawful weapon. The State properly filed a notice of intent to seek enhanced punishment on these charges. In September of 1999, the Defendant was charged in a four-count superseding indictment with conspiracy to sell 300 grams of cocaine,[1] possession of 26 grams of cocaine,[2] possession of an unlawful weapon and money laundering. Id. at 583. The State failed to file a notice to seek enhanced punishment with this superseding indictment.

Following a jury trial in March of 2000, the Defendant was convicted on the drug conspiracy and possession charges, but acquitted on the weapon and money laundering charges. The trial court

---

[1] A Class A felony. See Tenn. Code Ann. § 39-17-417(j).

[2] See Tenn. Code Ann. § 39-17-417.

sentenced the Defendant as a Range II offender to consecutive thirty-six and sixteen year terms on the drug conspiracy and possession convictions respectively.[3]   The trial court also denied the Defendant's motions for judgment of acquittal and a new trial.  Carter, 2002 WL 31370469, at *3.  In October of 2002, this Court upheld the  Defendant's convictions and sentences on direct appeal.

The Tennessee Supreme Court granted review primarily to determine whether the trial court erred in sentencing the Defendant as a Range II, multiple offender when the only notice of intent to seek enhanced punishment filed by the State was in relation to a previous indictment that was superceded by the indictment upon which the Defendant was tried.[4]  The supreme court held that the notice of intent to seek enhanced sentencing was sufficient as to the Defendant's possession charge, but was not sufficient as to the conspiracy charge because, unlike possession, conspiracy was not charged in the original indictment for which notice was given.  Therefore, a mandate was issued by the supreme court remanding the case back to the trial court for re-sentencing on the conspiracy conviction.[5]  See Carter, 121 S.W.3d at 591.

In January of 2004, a re-sentencing hearing was conducted by the trial court, and in March of 2004, the court re-sentenced the Defendant to twenty-five years for his conspiracy conviction. The sentencing order further required this sentence be served consecutively to the possession sentence upheld by the supreme court and consecutively to a sentence the Defendant was currently serving for a prior drug conviction.  The Defendant timely filed a notice of appeal.

## ANALYSIS

The Defendant now argues that the trial court erred in imposing an excessive sentence for his conspiracy conviction, and by ordering the sentences to be served consecutively.  Specifically, the Defendant argues that the trial court improperly applied two enhancement factors, thereby erroneously imposing a sentence greater than the presumptive sentence in his range.  Additionally, the Defendant argues that the court improperly imposed consecutive sentences considering the circumstances of his case.  The Defendant also asserts that his aggregate sentence is excessive and not reasonably related to his crimes.  We disagree.

---

[3]The sentences were to be served consecutively to each other and to another sentence the Defendant was already serving for a prior drug conviction.

[4]The Court also addressed several other issues raised by the Defendant, including a challenge to consecutive sentencing.  As discussed below, the supreme court determined that consecutive sentencing was proper.  See Carter, 121 S.W.3d at 591.

[5]The Supreme Court found that the Defendant was provided with sufficient notice of the State's intent to seek enhanced sentencing on the charge of possession of cocaine because the original indictment, which contained this charge, was accompanied by proper notice.  The Court determined that the Defendant had no reason to believe enhanced sentencing would not apply to this same charge in a superseding indictment even though a second notice was not filed. See Carter, 121 S.W.3d at 586.

## I. Sentencing Standard of Review

Before a trial court imposes a sentence upon a convicted criminal defendant, it must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; and (f) any statement the defendant wishes to make in the defendant's own behalf about sentencing. See Tenn. Code Ann. § 40-35-210(b); State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002). To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. See State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001).

Upon a challenge to the sentence imposed, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then the presumption is applicable, and we may not modify the sentence even if we would have preferred a different result. See State v. Fletcher, 805 S.W. 2d 785, 789 (Tenn. Crim. App. 1991). We will uphold the sentence imposed by the trial court if (1) the sentence complies with the purposes and principles of the 1989 Sentencing Act, and (2) the trial court's findings are adequately supported by the record. See State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). The burden of showing that a sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401 Sentencing Commission Comments; Arnett, 49 S.W.3d at 257.

## II. Excessive Sentence
### A. Improper Application of Enhancement Factor (2)

While not entirely clear, it appears that the Defendant challenges the trial court's application of enhancement factor (2), that he has a "previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range." Tenn. Code Ann. § 40-35-114(2). In his appellate brief, the Defendant argues that his "sentence is excessive" and "is not reasonably related to the severity" of his two crimes. The Defendant also asserts that while he "qualified as a multiple offender . . . his record cannot be characterized as extensive."[6]

---

[6] The bulk of the Defendant's appellate brief is devoted to his argument for a reversal of consecutive sentencing, as is the entirety of his response brief. Therefore it may be that the Defendant challenges only the trial court's imposition of consecutive sentencing, making his aggregate sentence forty-ones years, which he considers an "excessive sentence." Nevertheless, because the brief is unclear, we will also address the related issue of whether the trial court erred in
(continued...)

We begin by noting that the Defendant has failed to include the pre-sentence report and original sentencing hearing transcript in the record on appeal. When a party seeks appellate review he is charged with the "duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993) (citing State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983)); see also Tenn. R. App. P. 24(b).[7]

The re-sentencing hearing transcript, included in the record on appeal, reveals that the State offered as its proof the "pre-sentence report," and the trial court made references to this document. However, this document, key to determining whether the trial court erroneously enhanced the Defendant's sentence based on his prior criminal history, is not included in the appellate record. The Defendant also failed to include the transcript from the original sentencing hearing and any other evidence that may have been presented at the original sentencing hearing pertaining to the issue of sentencing. We note that this Court has frequently ruled that an appellant waives an issue on appeal if he or she fails to prepare a record with respect to the issues forming the basis of their appeal. See State v. Matthews, 805 S.W.2d 776, 784 (Tenn. Crim. App. 1990) (declining to consider the defendant's sentencing issue and holding that "[w]hen the record is incomplete, this Court is precluded from considering the issues; and we must conclusively presume the judgment of the trial court was correct"). Nonetheless, we elect to address this issue.

This Court finds ample evidence in the record before us to conclude that the trial court did not err in enhancing the Defendant's conspiracy sentence upon re-sentencing based on his record of prior criminal activity. The trial court, in its sentencing order, noted that "[t]he defendant has numerous convictions for the sale of Schedule II controlled substances in two different counties. The defendant acknowledges years of illegal drug trafficking." Based on this finding, the trial court applied enhancement factor (2). See Tenn. Code Ann. § 40-35-114(2). We find the record supports the trial court's findings. The Defendant admitted at his re-sentencing hearing that he had been selling drugs "since the eighties."

Accordingly, we find the record supports the trial court's enhancement of the Defendant's sentence based on his "previous history of criminal convictions."[8] Tenn. Code Ann. § 40-35-114(2).

---

[6](...continued)
enhancing the Defendant's sentence based on his prior criminal record.

[7]"If a stenographic report or other contemporaneously recorded, substantially verbatim recital of the evidence or proceedings is available, the appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b).

[8]We note that the trial court also enhanced the Defendant's sentence beyond the presumptive sentence for his range based on the fact that the Defendant committed a felony "while on . . . probation." Tenn. Code Ann. § 40-35-114(14). However, the Defendant did not challenge the trial court's application of this factor, except as a Blakely violation, addressed below.

Thus, the Defendant has failed to meet his burden of demonstrating that the sentence imposed was improper. This issue has no merit.

### B. __Blakely__ Violation

The trial court enhanced the Defendant's sentence by five years after finding two enhancement factors applicable: the Defendant had a previous history of criminal convictions, and he committed a felony while on probation. See Tenn Code Ann. §§ 40-35-114(2) and (14). The Defendant now argues that his Sixth Amendment right to a trial by jury was impugned when the trial court made determinations of fact for sentence enhancement purposes that were not submitted to a jury or admitted by him, citing Blakely v. Washington, 124. S.Ct. 2531 (2004).

Our supreme court has recently held that the enhancement component of Tennessee's sentencing structure does not violate a defendant's Sixth Amendment right to a trial by jury. See State v. Gomez, ___ S.W.3d ___, No. M2002-01209-SC-R11-CD, 2005 WL 856848 (Tenn., Nashville, April 15, 2005). Rather, our supreme court held that Tennessee's sentencing structure "merely requires judges to consider enhancement factors," and unlike the sentencing guidelines struck down in Blakely, "does not __mandate__ an increased sentence upon a judge's finding of an enhancement factor." Gomez, ___ S.W.3d at___, 2005 WL 856848, at *20. Thus, relying on Blakely as clarified by States v. Booker, __ U.S. ___, 125 S.Ct. 738 (2005), our supreme court has determined that Tennessee's sentencing structure provides the type of "'intermediate,' non-mandatory, advisory sentencing scheme" that the United States Supreme Court has expressly ruled acceptable, thereby permitting judges to exercise the type of sentencing discretion applied in the case at hand. Id. Therefore, the Defendant's claim of a Sixth Amendment violation based on the trial court's enhancement of his sentence is without merit.[9]

### III. Consecutive Sentencing

The Defendant also claims that the trial court erred in imposing consecutive sentencing. Specifically, the Defendant claims that: 1) his aggregate sentence of forty-one years is excessive and not reasonably related to the severity of his offenses, 2) the trial court erred in finding that any of the seven statutory criteria supporting consecutive sentencing applied to him, 3) the trial court's own determination of factors supporting consecutive sentencing--found without a jury--constituted a Blakely violation, and 4) because the Defendant's conviction for conspiracy to sell drugs "overlapped" his conviction for drug possession, he should not be subject to consecutive sentencing, citing State v. Desirey, 909 S.W.2d 20, 33-34 (Tenn. Crim. App. 1995). However, we need not address these complaints because we conclude that the doctrine of the "law of the case" prohibits

---

[9]We also note that the Defendant's claim that the trial court's determination of factors in imposing consecutive sentencing was a Blakely violation is therefore also without merit. Indeed, even before our supreme court's recent ruling in Gomez, this Court consistently found that Blakely did not affect consecutive sentencing determinations. See State v. Rose Marie Hernandez, No. M2003-01756-CCA-R3-CD, 2004 WL 2984844 at * 4 (Tenn. Crim. App., Nashville, Dec. 16, 2004); State v. Earice Roberts, No. W2003-02668-CCA-R3-CD, 2004 WL 2715316 at * 15 (Tenn. Crim. App., Jackson, Nov. 23, 2004); State v. Lawrence Warren Pierce, No. M2003-01924-CCA-R3-CD, 2004 WL 2533794 at * 16 (Tenn. Crim. App., Nashville, Nov. 9, 2004).

this Court from reconsidering an issue that has already been decided in a prior appeal of the same case.

In the Defendant's 2003 appeal before the Tennessee Supreme Court, the Court first determined that the Defendant should be re-sentenced for his conspiracy conviction as a Range I, standard offender. Carter, 121 S.W. 3d at 591. The Court then addressed the Defendant's claim that consecutive sentencing was improper--the same claim the Defendant now raises in this appeal. The supreme court held: "[b]ecause the defendant was found to be a professional criminal and because he had committed his crimes while on probation for similar drug offenses, the trial court properly imposed sentences to be served consecutively." Carter, 121 S.W.3d at 591 (citing Tenn. Code Ann. § 40-35-115(b)(1) and (6)). Upon remand and re-sentencing, the trial court simply noted that the new sentence for the conspiracy conviction would "run consecutive to [the possession conviction and the Defendant's prior sentence] for the reasons previously stated and affirmed by the Tennessee Supreme Court."

Under the doctrine of the law of the case, when an initial appeal results in a remand back to the trial court, the decision of the appellate court establishes the law of the case, which must be followed on remand by an appellate court upon a second appeal. See State v. Jefferson, 31 S.W.3d 558, 560-61 (Tenn. 2000) (citing Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd., 975 S.W.2d 303, 306 (Tenn. 1998)). However, there are three recognized exceptions to this rule. Issues may be reconsidered on a second appeal if: "(1) the evidence offered at the hearing on remand was substantially different from the evidence at the first proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law occurring between the first and second appeal." State v. Carter, 114 S.W.3d 895, 902 (Tenn. 2003).[10]

In the case at hand, the Defendant did not offer any evidence during his re-sentencing hearing different from the evidence already on record that established he was a professional criminal and committed his crimes while on probation for similar crimes. The prior ruling by the supreme court on the issue of consecutive sentencing was not clearly erroneous and does not result in manifest injustice.[11] Additionally, there has been no change in the controlling law on consecutive sentencing between the Defendant's first two appeals and the one now before this Court. Accordingly, we conclude that the law of the case precludes us from considering the Defendant's claim that the trial court erred in imposing consecutive sentences. This issue was decided in the prior appeal.

## CONCLUSION

Based on the foregoing reasoning and authorities, we find no error in the Defendant's sentences. The judgment of the trial court is affirmed.

---

[10] This Carter opinion involved a different defendant, who happens to have the same last name as the Defendant in this case.

[11] We note that the supreme court followed the same reasoning and came to the same conclusion as this Court, which upheld consecutive sentencing in the Defendant's direct appeal. See Carter, 2002 WL 31370469, at *16.

_____
DAVID H. WELLES, JUDGE